UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DIANA HONAKER,**

    **Plaintiff,**

**v.**                                               Case No: 5:21-cv-325-ACC-PRL

**WALMART, INC.,**

    **Defendant.**

_____

**ORDER**

Plaintiff, Diana Honaker brought this premises liability negligence action against Walmart, Inc. arising out of an alleged incident when she slipped and fell on a ketchup packet at the Leesburg Walmart Store. On October 17, 2022, Plaintiff's counsel deposed Dominitta Wilkerson, who was designated as Walmart's corporate representative. Plaintiff—dissatisfied with Ms. Wilkerson's preparation for the deposition and her ultimate testimony—asks the Court to sanction Walmart arguing that it failed to meet its obligations under Rule 30(b)(6) by adequately preparing Ms. Wilkerson and/or designating another corporate representative.[1]

As an initial matter, it is clear from the papers that Plaintiff's counsel did not confer with opposing counsel prior to filing the instant motion as required by Local Rule 3.01(g). In fact, it appears that the parties did not discuss any concerns regarding the adequacy of Ms. Wilkerson as a corporate representative until November 18, 2022 (several weeks after the

---

[1] Contrary to Walmart's suggestion, there is no requirement that Plaintiff file a motion to compel prior to filing her sanctions motion. *Hannah v. Armor Correctional Health Services, Inc.*, Case No. 8:19-cv-596-T-30SPF, 2020 WL 10692760, at *4 (M.D. Fla. June 30, 2020).

instant motion was filed). While this failure to confer would be a sufficient basis to deny the motion for sanctions, the Court will nevertheless address the motion on the merits.

    **I.    Legal Standards**

Pursuant to Rule 30(b)(6), upon receiving a deposition that describes "with reasonable particularity the matters for examination," a corporation must make a good faith effort to designate a representative having knowledge of the matters listed in the notice and to prepare the representative so she can answer fully and completely about information known or reasonably available to the organization. *Palma v. Metro PCS Wireless, Inc.*, No. 8:13-cv-698-T-33MAP, 2014 WL 1900102, at *1 (M.D. Fla. Apr. 30, 2014). A corporate party does not meet its obligation by merely "producing a designee and [then] seeing what [s]he has to say or what [s]he can cover." *Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 716 F.Supp.2d 1176, 1189 (M.D. Fla. 2010). A corporation must prepare its Rule 30(b)(6) designee to the extent information is reasonably available, whether from documents, past employees, or other sources. *Hannah v. Armor Correctional Health Services, Inc.*, Case No. 8:19-cv-596-T-30SPF, 2020 WL 10692760, at *4 (M.D. Fla. June 30, 2020). Failing which, the corporation has not complied with its Rule 30(b)(6) obligations and may be subject to sanctions. *Id.* This does not mean, however, that the corporate witness can never answer that the corporation lacks knowledge of a certain fact. *Id.*[2]

---

[2] While Defendant served objections to the notice of deposition, the objections did not relieve Defendant of its duty to prepare its witness for deposition. *See Hannah,* 2020 WL 10692760, at *6 (noting that objections to deposition topics and pending motion for protective order did not relieve corporate defendant of it its duty to prepare 30(b)(6) witness for deposition).

## II. Discussion

Here, based on a review of Ms. Wilkerson's deposition transcript, the Court finds that Walmart produced an adequate 30(b)(6) deponent. It is not an uncommon scenario for the corporate representative—like Ms. Wilkerson—to lack personal knowledge on the specified topics. *QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 688-89 (S.D. Fla. 2012) (summarizing guiding principles of 30(b)(6) depositions as gleaned from case law). Under such circumstances, a corporation must prepare its designee by having her "review available materials, such as fact witness deposition testimony, exhibits to depositions, documents produced in discovery, materials in former employees' files and, if necessary, interviews of former employees or others with knowledge." *Id.* at 689. Here, Ms. Wilkerson testified that she did just that—she reviewed the evidence, including the incident report, witness statements and photographs of the scene, as well as the relevant policies and procedures.

Ms. Wilkerson testified that pursuant to Walmart's policies and procedures, each employee is responsible for inspecting and maintaining the floors. (Doc. 43-2, Deposition of Dominitta Wilkerson at 33:5-10). Visual sweeps of the floor of the deli should be done "all the time." (Wilkerson Depo. at 46:15-20). Walmart does not maintain a log tracking the frequency of visual sweeps, nor does it record instances where substances or liquids are found on the floor (unless they are related to an incident). (Wilkerson Depo. 46:15-47:8, 53:18-54:6). Accordingly, Ms. Wilkerson could not state how many times liquids or substances had been found on the floor in the months leading up to Ms. Honaker's fall. (Wilkerson Depo. at 50:3-21, 52:4-9, 59:17-60:4). Nor could she state how many times the deli floor had been inspected on the date of the subject incident. (Wilkerson Depo. at 72:14-23). Given the lack of record

keeping as to these matters, it is unclear what additional investigation Plaintiff thinks Ms. Wilkerson could have done to obtain this information.

As to the events surrounding the alleged incident, Ms. Wilkerson testified that only Walmart employees would have been working in and maintaining or cleaning the floor in the deli area on January 27, 2020 (the date of the incident). (Wilkerson Depo. at 37:15-20). She testified that two associates—neither of whom witnessed Ms. Honaker's fall—conducted the investigation on the same day as the incident. (Wilkerson Depo. at 42:7-24, 61:14-62:4). To her knowledge, no one else from Walmart conducted any investigation. (Wilkerson Depo. at 61:21-25). The two associates and Ms. Honaker's son gave witness statements, and photographs were taken of the ketchup packet on the floor. (Wilkerson Depo. at 41:5-17, 62:8-15). Ms. Wilkerson testified that Walmart is not aware of any additional witnesses to Ms. Honaker's fall. (Wilkerson Depo. at 42:7-12, 61:14-25). In addition, she testified that Walmart has no information about how long the ketchup packet had been on the floor or regarding any warning given to Ms. Honaker about the existence of the packet prior to her fall. (Wilkerson Depo. at 36:14-19, 40:22-24; 60:16-24). Ms. Wilkerson also testified that there is no video footage of the subject area at the time of the alleged incident. (Wilkerson Depo. at 43:1-5).[3]

The Court is satisfied that Ms. Wilkerson testified regarding the collective –albeit limited—knowledge of Walmart as to the incident. Contrary to Plaintiff's suggestion, Rule 30(b)(6) did not require Ms. Wilkerson to conduct her own independent investigation—such

---

[3] Several months after her testimony, and in response to the motion for spoliation, Walmart conducted an extensive review of the archived paper records maintained in storage at the Leesburg store and found a disc with a video file dated January 27, 2020. (Doc. 56-2 at ¶9). Ms. Wilkerson, who could not view the disc, turned it over to counsel the next day. (*Id.* at ¶11). According to counsel, "the incident, or the cause thereof, would not have been captured by the camera" because it "is simply too far away to permit a viewer to use video from it to determine when the subject condition was created." (Doc. 56 at 11).

as tracking down deli employees who might have information about the incident that occurred almost three years earlier—in order to testify.

Accordingly, the motion for sanctions (Doc. 43) is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on December 13, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties