UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DIANA HONAKER,

    Plaintiff,

v.                                           Case No: 5:21-cv-325-ACC-PRL

WALMART, INC.,

    Defendant.
_____

**ORDER**

On December 13, 2022, the Court denied as moot Plaintiff's motion for spoliation of evidence. However, because Plaintiff was forced to file the spoliation motion in order to obtain the subject video, the Court found that she is entitled to recover her reasonable attorney's fees and expenses in bringing the motion. (Doc. 59). The Court directed Plaintiff to file an affidavit supporting the request for fees and expenses and permitted Defendant to file a response in opposition ten days thereafter. As directed, Plaintiff filed the Affidavit of Attorney S. Maxwell Karrick. (Doc. 60). Defendant has not filed a response in opposition and the time for doing so has passed.

Because the Court has already found that Plaintiff is entitled to her reasonable expenses and attorney's fees incurred in preparing and filing the motion for spoliation of evidence, the only issue still open for consideration is the amount of the reasonable expenses and fees. Plaintiff's counsel, S. Maxwell Karrick, represents that he expended a total of 9.3 hours in preparing and filing the subject motion. He seeks to recover an hourly rate of $350.00. (Doc. 60-1). Thus, Ms. Silvers seeks to recover $3,255.00 in total attorney's fees. Because Defendant failed to file a response in opposition, the Court lacks the benefit of the scrutiny

and analysis of the requested fees from the opposing party. *See, e.g., Godoy v. New River Pizza, Inc.,* 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is Areasonable). Nonetheless, even in the absence of a response from Defendant, the Court has a duty to ensure that the requested fees are reasonable. The Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Having considered the experience of counsel, the location of the practice, the complexity of the case, and the Court's knowledge of market rates in the Ocala Division, the Court agrees that the requested hourly rate of $350.00 is appropriate. The Court also finds the requested 9.3 hours reasonable given the factual and legal issues raised by the motion. Accordingly, within **ten (10) days** of this Order, Defendant shall remit to Plaintiff **$3,255.00**, which represents the reasonable attorney's fees and expenses incurred in the preparation and filing of the motion for spoliation.

**DONE** and **ORDERED** in Ocala, Florida on January 10, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties